IN THE UNITED STATES DISTRICT COUNT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

COREY FLEAMON TOWNSEND,            )
                                    )
            Petitioner,             )
                                    )   1:13CV48
        v.                          )   1:10CR147-1
                                    )
UNITED STATES OF AMERICA,           )
                                    )
            Respondent.             )

ORDER AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE

Petitioner Corey Fleamon Townsend, a federal prisoner, brings a Motion [Doc. #28] to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255. Petitioner pled guilty to one count of possession of a firearm after a felony conviction in violation of 18 U.S.C. §§ 922(g)(1) and 924(e)(1). He was subsequently sentenced to 225 months imprisonment as an Armed Career Criminal. In Petitioner's Motion, he raises a single claim asserting that his sentence is no longer valid because, under United States v. Simmons, 649 F.3d 237 (4th Cir. 2011), he did not face more than a year in prison for a breaking and entering conviction used as one of the predicate felonies supporting the Armed Career Criminal enhancement. In Supplemental Briefs [Doc. #30, 31], he adds claims under the recent cases of Alleyne v. United States, ___ U.S. ___, 133 S. Ct. 2151, 186 (2013) and Descamps v. United States, ___ U.S. ___, 133 S. Ct. 2276, 2282 (2013), and argues that breaking and entering is not a violent

felony under the Armed Career Criminal Act. The Government filed a Response [Doc. #40] opposing relief. Petitioner later filed a Motion [Doc. #44] seeking to stay the case in light of a then-pending case in the United States Supreme Court, which that Court later decided. See Johnson v. United States, ___ U.S. ___, 135 S. Ct. 2551 (2015). Petitioner then filed a Motion [Doc. #45] asking to amend his § 2255 to add a claim under Johnson, which the Court granted. There Government thereafter filed a Supplemental Response [Doc. #50] still opposing relief. Finally, currently pending on the docket is a Motion [Doc. #52] requesting an extension of time to file a Supplemental Reply [Doc. #53], which Petitioner subsequently filed. The Court will grant the extension and accept Petitioner's Supplemental Reply.

Under 18 U.S.C. § 924(e)(1), a defendant is subject to enhanced sentencing penalties as an Armed Career Criminal if he has three prior convictions for a "violent felony or a serious drug offense, or both, committed on occasions different from one another. . . ." A qualifying crime is a felony for purposes of 18 U.S.C. § 924(e) if it is a "crime punishable by imprisonment for a term exceeding one year." 18 U.S.C. § 924(e)(2)(B). A "serious drug offense" includes an offense under state law involving manufacturing, distributing, or possessing with intent to distribute a controlled substance, for which a maximum term of imprisonment of ten years or more is prescribed by law. A "violent felony" includes any crime punishable by imprisonment for a term exceeding one year that has as an element the use, attempted use, or threatened use of physical force against the person of another.

2

In this case, Petitioner's status as an Armed Career Criminal was based on a conviction for breaking and entering obtained in Alamance County, North Carolina, on June 15, 1989, a conviction for robbery with a firearm obtained in Durham County, North Carolina, on September 30, 1998, and convictions for assault with a deadly weapon within intent to kill inflicting serious injury and assault with a deadly weapon inflicting serious injury obtained in Durham County on October 12, 1998. (Indictment [Doc. #1].) In his initial Motion, Petitioner admits that he received actual sentences of imprisonment in excess of a year for the robbery and assault convictions. Therefore, he does not challenge those predicate convictions under Simmons. (Motion, § 12, Ground One, Supplemental Pages.) However, he contends that Simmons invalidated the breaking and entering conviction because he received only a suspended sentence. However, the breaking and entering conviction occurred prior to October 1, 1994, the effective date of North Carolina's Structured Sentencing Act, which was the statutory sentencing scheme discussed in Simmons. It fell instead under North Carolina's Fair Sentencing Act and, as reflected on the state court judgment for the convictions (Response, Attach. 1), it carried a maximum term of imprisonment of ten years and a presumptive term of three years. See United States v. Thompson, 480 F. App'x. 201, 204 (4th Cir. 2012) (unpublished) (discussing the Fair Sentencing Act generally). Petitioner received a prison sentence of eight years. Although the sentencing court suspended that term of imprisonment, this Court still looks at the term of imprisonment that Petitioner faced. Thompson, 480 F. App'x. at 204 (stating "the actual sentence imposed is irrelevant; rather, the relevant inquiry is whether the actual defendant

3

was subject to a potential sentence of greater than one year of imprisonment"); United States v. Swann, 526 F. App'x 265 (4th Cir. 2013) ("In his pro se brief, Swann appears to argue that, because his sentence was suspended, it did not qualify as a predicate offense. However, a qualifying predicate felony is one for which Swann himself could have been sentenced to a prison term exceeding one year. It is not required that Swann was actually sentenced to serve (or did in fact serve) over one year."); United States v. Harris, 458 F. App'x 297 (4th Cir. 2011). Therefore, the breaking and entering conviction remains a valid predicate offense following Simmons.

In Petitioner's Supplemental Briefs, he raises claims under Alleyne and Descamps and then argues that breaking and entering is not a crime of violence under the Armed Career Criminal Act. However, neither of these cases provides Petitioner with any relief. Alleyne relates to the findings of fact that trigger statutory mandatory minimum sentences, but Alleyne would not affect Petitioner's sentence under 18 U.S.C. § 924(e), which involved a statutory mandatory minimum based on prior convictions. Cf. Almendarez-Torres v. United States, 523 U.S. 224 (1998). Moreover, Alleyne has not been applied retroactively on collateral review. See United States v. Stewart, 540 F. App'x 171 (4th Cir. 2013) (noting that Alleyne has not been made retroactively applicable to cases on collateral review). As for Descamps, that case addressed the use of the "modified categorical approach," and Petitioner raises Descamps to challenge the use of his prior breaking and entering conviction as a predicate felony. However, Descamps does not affect the prior determination of the United States Court of Appeals for the Fourth Circuit that North Carolina breaking and

4

entering convictions are predicate felonies under the Armed Career Criminal Act. United States v. Terry, 547 F. App'x 367, 368 (4th Cir. 2013); United States v. Mungro, 754 F.3d 267, 272 (4th Cir. 2014). This defeats Petitioner's arguments that his breaking and entering conviction is not a proper predicate.[1]

Finally, in Petitioner's Motion to Amend, he raises a challenge his status as an Armed Career Criminal using Johnson. That Motion is not clear as to how Petitioner believes Johnson affected his case. However, in his Supplemental Reply [Doc. #53], Petitioner explains his claim and specifically alleges that Johnson invalidated the use of his conviction for robbery with a firearm under N.C. Gen. Stat. § 14-87 as a predicate under the Armed Career Criminal Act. In Johnson, the Supreme Court held that the "residual clause" of § 924(e) is unconstitutionally vague. That "residual clause" provides that a "violent felony" includes any felony that "involves conduct that presents a serious potential risk of physical injury to another." 18 U.S.C. § 924(e)(2)(B). However, Petitioner's conviction for robbery with a firearm does not fall under that clause. As the Fourth Circuit recently stated:

> [U]nder North Carolina law, robbery with a dangerous weapon consists of the following elements: "(1) the unlawful taking or an attempt to take personal property from the person or in the presence of another (2) by use or threatened use of a firearm or other dangerous weapon (3) whereby the life of a person is endangered or threatened." State v. Small, 400 S.E.2d 413, 416 (N.C. 1991) (internal quotation marks omitted); accord N.C. Gen. Stat. § 14–87 (2013). Because the "use or threatened use of a firearm or other dangerous

---

[1] In Petitioner's Reply [Doc. #42], he raises certain arguments attacking the validity of his breaking and entering conviction. However, he cannot raise those arguments in a § 2255 Motion. Instead, if wishes to attack the merits of his state court convictions in this way, he must do so in state court, not this Court. See Mondragon v. Holder, 706 F.3d 535 (4th Cir. 2013) (discussing limits on collateral attacks of state court predicates in federal proceedings); United States v. Custis, 988 F.2d 1355 (4th Cir. 1993) (same).

5

weapon ... whereby the life of a person is endangered or threatened," Small, 400 S.E.2d at 416, entails "force capable of causing physical pain or injury to another person," Johnson II, 559 U.S. at 140, robbery with a dangerous weapon involves "the use, attempted use, or threatened use of physical force," § 924(c)(2)(B)(I) and therefore qualifies as a "violent felony" under the force clause.

United States v. Smith, No. 15-4218, ___ F. App'x ____, 2016 WL 308636, at *2 (4th Cir. Jan. 26, 2016). Accordingly, Petitioner's claim under Johnson fails and should also be denied.

IT IS THEREFORE ORDERED that Petitioner's Motion [Doc. #52] seeking an extension of time to file a Supplemental Reply is GRANTED.

IT IS RECOMMENDED that Petitioner's Motion [Doc. #28] to vacate, set aside or correct sentence, as supplemented and amended, be denied and that this action be dismissed.

This, the 2nd day of February, 2016.

    /s/ Joi Elizabeth Peake
United States Magistrate Judge